## *NATIONAL REGISTERED AGENTS, INC*
### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  Gary Gross
NATIONAL ASSOCIATION OF SOCIAL WORKERS
750 1st St NE Ste 800
Washington, DC 20002-8011

SOP Transmittal #  534080223

202-572-3133 - Telephone

Entity Served:  NATIONAL ASSOCIATION OF SOCIAL WORKERS  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DISTRICT OF COLUMBIA on this 19 day of September, 2018. The following is a summary of the document(s) received:

1.  **Title of Action:**  Carla B. McClinton, Pltf. vs. National Association of Social Workers, Dft.

2.  **Document(s) Served:**   Other: Letter, Complaint, Summons, Citatorio, Order, Interrogatories, Request, Attachment(s)

3.  **Court of Jurisdiction/Case Number:** Superior Court of the District of Columbia, DC
Case # 2018CA005834B

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

___ Personally served by:      ___ Process Server      ___ Law Enforcement      ___ Deputy Sheriff      ___ U. S Marshall

_X_ Delivered Via:      _X_ Certified Mail      ___ Regular Mail      ___ Facsimile

___ Other (Explain):

6.  **Date of Receipt:**   09/19/2018

7.  **Appearance/Answer Date:**  Within 21 days of service upon you

8.  **Received From:**   Kenneth E. McPherson
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
301-277-4727

9.  **Carrier Airbill #** 1ZY041160190641956

10. **Call Made to:** Not required

11.   **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, Gary Gross  ggross.nasw@socialworkers.org

Email Notification, Melissa Fregly  mfregly.nasw@socialworkers.org

Email Notification, Anne Camper  acamper@naswdc.org

**NATIONAL REGISTERED AGENTS, INC**                    CopiesTo:

Transmitted by   Mark Diffenbaugh

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



CERTIFIED MAIL

U.S. POSTAGE PAID
PCM LG ENV
LAUREL, MD
20707
SEP 18 18
AMOUNT
$8.46
R2304E108277-04
1000    20005

7018 1830 0002 0634 3831



Kenneth E. McPherson, Esq.
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737

National Registered Agents Inc.
1015 — 15th Street, N.W.
Suite 1000
Washington, D.C.   20005

RETURN RECEIPT
REQUESTED

RETURN RECEIPT
REQUESTED

FIRST CLASS

**KENNETH E. McPHERSON, CHTD.**
Kenneth E. McPherson, Esquire
6801 Kenilworth Avenue
Suite 202
· Riverdale, Maryland 20737
kemlawyer@gmail.com

State of Maryland
District of Columbia
Commonwealth of Pennsylvania    (Inactive)
Supreme Court of the United States
U.S. District Court for the District of Maryland
U.S. Court of Appeals for the Fourth Circuit
U.S. District Court for the District of Columbia

Office 301 - 277-4727

Mobile 240 - 432 - 8970

·Facsimile 301 - 699-8706

September 10, 2018

National Registered Agents Inc.
1015 - 15th Street, N.W.
Suite 1000
Washington, DC 20005

> RE:    Carla B. McClinton v. National Association of Social Workers
> Superior Court for the District of Columbia
> Case number 2018 CA 005834 B
> **Service of process**

Dear Resident Agent:

·    Enclosed is a Summons directed to your principal, NATIONAL ASSOCIATION OF SOCIAL WORKERS, to respond to the Complaint filed in the above referenced matter. Also enclosed are a copy of the Complaint, Jury Demand, and discovery requests.

Kindly forward these court documents to your principal who is required to answer within 21 days of service upon you.

Thank you for attending to this matter with the promptitude it deserves.

Sincerely,

Kenneth E. McPherson

KEM/kb

Filed
D.C. Superior Court
08/1%/2018  16:05PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CARLA B. McCLINTON                    :
10809 Tippett Road                        :
Clinton, Maryland   20735              :
                                                       :
          Plaintiff                              :
                                                       :
          v.                                        :          Case Number: __2018 CA 005834 B__
                                                       :
NATIONAL ASSOCIATION OF SOCIAL WORKERS       :
750 First Street, N.E.                      :
Suite 800                                       :
Washington, D. C.  20002            :
                                                       :
*SERVE ON:*                               :          **JURY TRIAL DEMANDED**
                                                       :
          National Registered Agents Inc.   :
          1015 - 15th Street, N.W.        :
          Suite 1000                          :
          Washington, DC 20005        :
                                                       :
          Defendant                         :

### COMPLAINT

COMES NOW the Plaintiff, CARLA B. McCLINTON, through counsel, Kenneth

E. McPherson, Esq., and hereby files her Complaint for injunctive and other equitable

relief and monetary damages against the Defendant, NATIONAL ASSOCIATION OF

SOCIAL WORKERS, on the following grounds:

### PARTIES

1.  The Plaintiff, CARLA B. McCLINTON, is a black female of the Christian

faith who resides at 10809 Tippett Road, Clinton, Maryland  20735.

2.  The Plaintiff was employed as a Legal Assistant by the National Association of

Social Workers, Defendant, in its legal affairs office located at 750 First Street, N.E.,

Suite 800, Washington, D. C.  20002, from 2005 until May 17, 2018.

1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

CARLA B. McCLINTON
_____
                          Plaintiff
              vs.

                                                    Case Number    **2018 CA 005834 B**

NATIONAL ASSOCIATION OF SOCIAL WORKERS
_____
                          Defendant

## SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kenneth E. McPherson, #419177
_____
Name of Plaintiff's Attorney

6801 Kenilworth Ave., Suite 202
_____
Address
Riverdale, Maryland  20737

office 301-277-4727; cell 240-432-8970
_____
Telephone

*Clerk of the Court*

By _____
                        Deputy Clerk

Date _____ 9/06/2018

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                            Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

CARLA B. McCLINTON
_____

                                        Demandante

               contra

                                                    Número de Caso:   2018 CA 005834 B

NATIONAL ASSOCIATION OF SOCIAL WORKERS
_____
                                        Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes ó entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Kenneth E. McPherson, #419177                          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

6801 Kenilworth Ave., Suite 202              Por: _____
Dirección                                                              Subsecretario
Riverdale, MD  20737

301-277-4727                                  Fecha _____
Teléfono

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828로 전화하십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                          Super. Ct. Civ. R. 4

3.  The Defendant, NATIONAL ASSOCIATION OF SOCIAL WORKERS ("NASW"), is a non-profit foreign corporation that was organized on or before July 10, 1978, under the laws of the State of Delaware and registered with the District of Columbia Department Of Consumer and Regulatory Affairs (File No. 782329) to do business in the District of Columbia during all times referred to in this Complaint. NASW employed no less than 200 employees at all times referred to in this Complaint.

### NATURE OF ACTION

4.  This is a challenge to the Defendant's unlawful discrimination against the Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. ("Title VII").

5.  The Defendant is a private employer who is a proper defendant for a claim made under Title VII because the Defendant is engaged in an industry affecting commerce and performs contracts with state and local governments.  42 U.S.C. § 2000e(b).

6.  The Defendant has had more than 15 regular employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years referred to in this Complaint.  42 U.S.C. § 2000e(b).

7.  The Plaintiff was, for purposes of Title VII anti-discrimination in employment statutes, an employee of the Defendant.  42 U.S.C. § 2000e(f).

8a.  The Defendant discriminated against the Plaintiff based on her race.

8b.  The Defendant discriminated against the Plaintiff based on her religion.

9.  To remedy the employment discrimination against the Plaintiff, she seeks back pay, front pay, reinstatement, pecuniary and non-pecuniary damages, attorney's fees,

2

injunctive relief, costs, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

10. The Superior Court for the District of Columbia may exercise original subject matter jurisdiction over the instant action pursuant to D. C. Code 11-921(a)(6).

11. The Court may properly maintain personal jurisdiction over the Defendant because it regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from  services rendered in the District of Columbia.  D.C. Code 13-423(a)(4).

12. The Court may properly maintain personal jurisdiction over the Defendant because this claim, in part, arises from the Defendant transacting business in the District of Columbia.  D.C. Code 13-423(a)(1).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. On or about May 17, 2018, the Plaintiff filed a timely Charge of Discrimination (assigned  No.: 570-2018-02161) alleging discrimination based on race, religion and retaliation.  See, EXHIBIT 1.

14. On or about June 27, 2018, the Plaintiff filed a timely Charge of Discrimination (assigned No. 570-2018-02670) based on retaliation because she was terminated after and because she exercised her right to complain about unlawful employment discrimination.  See, EXHIBIT 2.

15. On or about May 24, 2018, the Plaintiff was issued a Notice of Suit Rights informing her that the administrative investigation in case number 570-2018-02161 was concluded.  See, EXHIBIT 3.

16. On or about July 3, 2018, the Plaintiff was issued a Notice of Suit Rights

3

informing her that the administrative investigation in case number 570-2018-02670 was concluded. See, EXHIBIT 4.

17. The Plaintiff has exhausted her administrative remedies.

### FACTS RELEVANT TO ALL COUNTS:

18. The Plaintiff was hired by NASW in 2005 as a Legal Assistant. The Plaintiff was continuously employed by NASW until May 18, 2018, when she was terminated. At that time the Plaintiff was a Senior Legal Assistant who had advanced in responsibilities, duties, and salary based on consistent favorable reviews by supervisors.

19. The Plaintiff's career path at NASW was gradual and upward without formal discipline for 11 years (2005 - 2016) while she performed worked in the same unit (legal affairs) for and with various persons.

20. In February 2016, Ann Camper, as white female and avowed Atheist, became the Plaintiff's immediate supervisor as the head of the legal division of NASW.

21. Ms. Camper embarked on a campaign to use her supervisory position to harass, annoy and embarrass the Plaintiff because of the Plaintiff's devout Christian beliefs. For example, Ms. Camper made persistent negative comments about the Plaintiff's gospel music and the Plaintiff's religious devotion while emphasizing that Ms. Camper is an atheist.

22. Ms. Camper's discriminatory motive against the Plaintiff because of the Plaintiff's religion escalated into severe and pervasive discriminatory statements and tangible adverse employment actions against the Plaintiff.

23. NASW, via Ms. Camper, suspended the Plaintiff on or about May 17, 2018, and terminated the Plaintiff on May 18, 2018.

4

24. There was no legitimate non-discriminatory reason for NASW to take any form of adverse employment action against the Plaintiff, including, but not limited to, disciplining, suspending or terminating the Plaintiff.

25. Each act of disciplining the Plaintiff, suspending the Plaintiff from her employment duties and responsibilities, and terminating the Plaintiff's employment constitute an adverse tangible employment action against the Plaintiff.

26. The Plaintiff complained on several occasions to Ms. Camper directly, to other supervisory employees, and to NASW's Human Resources department about Ms. Camper's discriminatory comments and adverse actions against the Plaintiff, but no meaningful effort was undertaken by NASW to deter, prevent or stop Ms. Camper from expressing contempt for the Plaintiff's religious beliefs, her choice of gospel music, and Plaintiff's racial-based cultural appearance and manner of speech, nor did NASW attempt to deter, prevent or stop Ms. Camper from taking tangible adverse employment action against the Plaintiff because of the Plaintiff's race and religion.

27. NASW and Ms. Camper knew of the Plaintiff's formal and informal complaints of discrimination based on the Plaintiff's race and religion at the times they suspended the Plaintiff and then terminated the Plaintiff's employment.

## COUNT 1

### (Title VII - Federal Employment Discrimination Claim - Tangible Adverse Action Based on Plaintiff's Race)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

28. The tangible adverse employment actions taken against the Plaintiff, as described above, were done because of the Plaintiff's race (black).

5

29. The unlawful discriminatory employment action taken against the Plaintiff because of her race has directly and proximately caused the Plaintiff to suffer, and she will continue to suffer, damages in the form of lost wages (back and front pay) and other benefits of employment, emotional pain, mental distress, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience. Said discrimination also caused the Plaintiff to suffer physical problems symptomatic of the stress she endured as a result of knowing that she was unlawfully discriminated against on the basis of her race.

## COUNT 2

### (Title VII - Federal Employment Discrimination Claim - Tangible Adverse Action Based on Plaintiff's Religion)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

30. The tangible adverse employment actions taken against the Plaintiff, as described above, were done because of the Plaintiff's religion.

31. The unlawful discriminatory employment action taken against the Plaintiff because of her religion has directly and proximately caused the Plaintiff to suffer, and she will continue to suffer, damages in the form of lost wages (back and front pay) and other benefits of employment, emotional pain, mental distress, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience. Said discrimination also caused the Plaintiff to suffer physical problems symptomatic of the stress she endured as a result of knowing that she was unlawfully discriminated against on the basis of her religion.

6

## COUNT 3

### (Title VII - Federal Employment Discrimination Claim - Hostile Work Environment)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

32.  Ms. Camper's severe and persistent negative comments about the Plaintiff's religious beliefs and racial-based appearance and manner of speech created an offensive and hostile work environment for the Plaintiff that unreasonably interfered with the Plaintiff's ability to effectively perform her job duties since the Autumn season, 2017.

33.  As a direct and proximate cause of NASW's hostile work environment based on unlawful racial and religious discrimination, the Plaintiff suffered, and she will continue to suffer, damages in the form of lost wages (back and front pay) and other benefits of employment, emotional pain, mental distress, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience.  Said discrimination also caused the Plaintiff to suffer physical problems symptomatic of the stress she endured as a result of the hostile work environment.

## COUNT 4

### (Title VII - Federal Employment Discrimination Claim Based on Retaliation)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

34.  Ms. Camper and NASW knew that the Plaintiff had complained, internally within NASW, of unlawful race and religious discrimination at the time tangible adverse employment actions were taken against the Plaintiff.

35.  Ms. Camper and NASW knew that the Plaintiff intended to complain, externally to an agency charged with investigating equal opportunity employment, of

7

unlawful race and religious discrimination when they suspended the Plaintiff on May 17, 2018.

36.  Ms. Camper and NASW knew that the Plaintiff had complained, externally to an agency charged with investigating equal opportunity employment, of unlawful race and religious discrimination when they terminated the Plaintiff's employment on May 17, 2018.

37.  Informal and formal complaints of employment discrimination are statutorily protected activity under Title VII.

38. The tangible adverse employment actions taken against the Plaintiff on May 17 and May 18, 2018, as described above, were retaliation against the Plaintiff for complaining about race and religious discrimination.

39. As a direct and proximate result of the unlawful retaliation against the Plaintiff, she suffered the effects and damages described above in Paragraph 29.

**WHEREFORE,** the Plaintiff, CARLA B. McCLINTON, seeks judgment in her favor against the Defendant, NATIONAL ASSOCIATION OF SOCIAL WORKERS, and the following relief:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights under Title VII;

2.  Enjoin Defendant from engaging in such conduct in the future;

3.  Restore Plaintiff to her employment position with the Defendant, or in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

4.  Award Plaintiff equitable relief of back pay and fringe benefits up to the date of

8

reinstatement and prejudgment interest for that period of time, or front pay and the value of benefits if reinstatement is not orderd;

5. Award Plaintiff compensatory damages in the maximum amount permitted by Title VII based on the number of employees employed by the Defendant;

6. Award Plaintiff reasonable attorney's fees and costs; and

7. Grant such other relief as may be just and proper.

## COUNT 5

### (Civil Rights Action under 42 U.S.C. § 1981a - Race)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

40. NASW's decision suspend the Plaintiff from her employment position and to terminate the Plaintiff from her employment decision was the product of unlawful discrimination.

41. NASW's employment decisions were unlawful discrimination because the Plaintiff's race was a motivating factor in those decisions.

42. As a direct and proximate result of NASW's unlawful discrimination against the Plaintiff, she suffered the effects and damages described above in Paragraph29.

## COUNT 6

### (Civil Rights Action under 42 U.S.C. § 1981a - Retaliation)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

43. NASW's decisions to suspend and terminate the Plaintiff were the product of unlawful discrimination.

44. NASW's employment decisions were unlawful discrimination because they were made in retaliation for the Plaintiff recently complaining about racial discrimination.

9

45. As a direct and proximate result of NASW's unlawful retaliation against the Plaintiff, she suffered the effects and damages described above in Paragraph 29.

**WHEREFORE**, the Plaintiff, CARLA B. McCLINTON, seeks judgment in her favor against Defendant, NATIONAL ASSOCIATION OF SOCIAL WORKERS, and the following equitable and monetary relief:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Enjoin Defendant from engaging in such conduct in the future;

3. Restore Plaintiff to her employment position with the Defendant, or in lieu of reinstatement, order front pay and fringe benefits for the period remaining until normal retirement;

4. Award Plaintiff equitable relief of back pay and fringe benefits up to the date of reinstatement and prejudgment interest for that period of time, or front pay and the value of benefits;

5. Award Plaintiff compensatory damages in the amount of $500,000.00;

6. Award Plaintiff reasonable attorney's fees and costs; and

7. Grant such other relief as may be just and proper.

## COUNT 7

### (Violation of the D. C. Human Rights Act)

The Plaintiff hereby incorporates all of the allegations made above, and alleges further:

46. NASW's discriminatory conduct against the Plaintiff, as described above, by reason of her race and/or religious beliefs constitutes a violation of the District of

10

Columbia Human Rights Act, D.C.Code § 2-1402.11. (2001).

47. NASW's retaliatory conduct against the Plaintiff, as described above, on account of the Plaintiff having previously exercised her right to complain about race and religious discrimination constitutes a violation of the District of Columbia Human Rights Act, D.C. Code § 2-1402.61. (2001).

48. As a direct and proximate result of NASW's unlawful discrimination and retaliation against the Plaintiff, she suffered the effects and damages described above in Paragraph 29.

**WHEREFORE**, the Plaintiff, CARLA B. McCLINTON, seeks judgment in her favor against Defendant, NATIONAL ASSOCIATION OF SOCIAL WORKERS, and the following equitable and monetary relief:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Enjoin Defendant from engaging in such conduct in the future;

3. Restore Plaintiff to her employment position with the Defendant, or in lieu of reinstatement, order front pay and fringe benefits for the period remaining until normal retirement;

4. Award Plaintiff equitable relief of back pay and fringe benefits up to the date of reinstatement and prejudgment interest for that period of time, or front pay and the value of benefits;

5. Award Plaintiff compensatory damages in the amount of $500,000.00;

6. Award Plaintiff reasonable attorney's fees and costs; and

7. Grant such other relief as may be just and proper.

11

Respectfully submitted,


_/s/ Kenneth E. McPherson_
Kenneth E. McPherson, Bar #419177
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 cell
301-699-8706 fax
kemlawyer@gmail.com


*Attorney for Plaintiff*

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CARLA B. McCLINTON          :
10809 Tippett Road          :
Clinton, Maryland    20735  :
                            :
    Plaintiff          :
                            :
    v.                 :  Case Number:  **2018 CA 005834 B**
                            :
NATIONAL ASSOCIATION OF SOCIAL WORKERS
750 First Street, N.E.      :
Suite 800                   :
Washington, D. C.  20002    :
                            :
                            :
    Defendant          :

## JURY DEMAND

The Plaintiff, CARLA B. McCLINTON, through her attorney, hereby exercises her right to a jury trial on all facts and claims to which she is entitled to a jury trial and on any defenses raised by the Defendant.

Respectfully submitted,

_/s/ Kenneth E. McPherson_
Kenneth E. McPherson, Bar #419177
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 cell
301-699-8706 fax
kemlawyer@gmail.com

_Attorney for Plaintiff_

Page 13 of  13



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

CARLA B. MCCLINTON
Vs.                                         C.A. No.        2018 CA 005834 B
NATIONAL ASSOCIATION OF SOCIAL WORKERS

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge NEAL E KRAVITZ
Date: __August 16, 2018__
Initial Conference: 9:00 am, Friday, November 16, 2018
Location: Courtroom 100
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

CAIO-60